## Cambridge Springs Borough School District Appeal.

Argued November 12, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

Patrick H. Washington, Deputy Attorney General, with him Fred Speaker, Attorney General, for appellant.

Mark D. Prather, with him Vincent J. Pepicelli, and John H. Bozic, Jr., for appellees.

OPINION BY WATKINS, J., March 23, 1971:

This is an appeal by the Commonwealth of Pennsylvania from a decision of the Court of Common Pleas of Crawford County, holding that the School District Reorganization Act of 1968, July 8, 1968, 24 P.S. §2400.-1 et seq., commonly referred to as "Act 150", is unconstitutional as being a special or local law.

The court below consolidated the cases of the Borough of Cambridge Springs School District and other school districts for appeal and after hearing and argument, all their grievances with plans for reorganization by the State Board of Education were dismissed, with the exception of the constitutionality of "Act 150", supra.

If Act "No. 150" is a true supplement to the parent act of August 8, 1963, P. L. 564, Act 299, 24 P.S. §2-290

et seq., then the question of special or local law is moot in the light of *Chartiers Valley Joint Schools v. Allegheny County Board of School Directors*, 418 Pa. 520, 211 A. 2d 487 (1965), and the decision must be reversed.

Act 150, is a true supplement in title and terms and this was so held in *West Homestead Borough School District v. Allegheny County Board of School Directors*, 440 Pa. 113, 269 A. 2d 904 (1970). While the court did not specifically have the question of the constitutionality of this act before it, it is apparent from this decision that this question was in fact considered. The court said at page 121, "A Court of Common Pleas has no jurisdiction to consider an action for an injunction, such as that presented in this case, where (1) a constitutionally valid statute provides an explicit and exclusive administrative remedial process, followed by a proceeding in the Common Pleas to review the administrative proceedings *after* they have been concluded, and (2) where the statutory remedy is adequate and compliance with the statutory scheme will not result in irreparable harm." And at page 123, "The constitutionality of the statute has already been sustained in Chartiers, supra."

It is clear that the additional provisions contained in Act No. 150 could have been inserted in Act No. 299 without infringing upon constitutional provisions. Most school districts were reorganized under Act No. 299. However, the immense task of considering each county plan, and the problems of each appealing school district within the plan, still remained on the Commonwealth Court dockets. It became apparent to all concerned, including the legislature, that orderly completion of school reorganization in this Commonwealth required legislative help. Supplemental legislation was an absolute necessity.

The major legislative aim in Act No. 150 was the orderly completion of school reorganization. The Act made absolutely no change in the substantive terms and conditions of reorganization previously implemented in Act No. 299.

This Court has also considered the question of the constitutionality of Act No. 150 and determined the act to be constitutional in the following cases, upon which allocatur has been refused by the Supreme Court of Pennsylvania: *Chester School District Appeal*, 217 Pa. Superior Ct. 792, 269 A. 2d 133 (1970); *Collingdale School District Appeal*, 217 Pa. Superior Ct. 793, 269 A. 2d 148 (1970); *Lansdowne-Aldan Joint School System Appeal*, 217 Pa. Superior Ct. 794, 269 A. 2d 367 (1970); *Plains Township School District Appeal*, 217 Pa. Superior Ct. 795, 269 A. 2d 365 (1970); *Sharon Hill School District Appeal*, 217 Pa. Superior Ct. 795, 269 A. 2d 366 (1970); *Swarthmore-Rutledge Union School District Appeal*, 217 Pa. Superior Ct. 795, 269 A. 2d 146 (1970); *Upland School District Appeal*, 217 Pa. Superior Ct. 796, 269 A. 2d 148 (1970); *Warrior Run School District Appeal*, 217 Pa. Superior Ct. 796, 269 A. 2d 148 (1970); *Adams County School District Appeal*, 217 Pa. Superior Ct. 810, 270 A. 2d 271 (1970).

The order of the court below is reversed and the various orders of the State Board of Education are hereby reinstated and the school districts directed to proceed in accordance therewith.