### Hansen et al. *v.* Kurtzman et al.

Argued June 5, 1972, before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

*Frederic G. Antoun,* with him *Louis M. Tarasi, Jr.,* for appellants.

*Gordon R. Miller,* with him *Donald C. Buseck* and *Robert F. Seaker,* Assistant Attorney General, for appellees.

OPINION BY JUDGE WILKINSON, July 19, 1972:

The plaintiffs are elected School Directors of the Cochranton Area Jointure School District which, pursuant to action taken under the authority of Act 150, being the Act of July 8, 1968, P. L.    , No. 150, 24 P.S. §2400.1, *et seq.* (Supp. 1972), has been merged

into and became part of the Meadville Area Union School District on July 1, 1971. They bring this action to enjoin the joint operation of the Cochranton Area Jointure School District and the Meadville Area Union School District.

The record is riddled with what could be considered to be procedural defects, beginning with the complaint which was not signed by anyone, albeit all 13 plaintiffs verified it on oath. This may not have been an oversight for, under Rule 1023 of the Pennsylvania Rules of Civil Procedure, one of the purposes of signing the complaint is to constitute a certificate by the person signing it that it is not interposed for delay. We can find no prayer for a preliminary injunction. The complaint was not endorsed with a notice to plead. Nevertheless, a rule to show cause why the prayer of the petition should not be granted was issued. This was followed by defendants filing preliminary objections and a motion to dismiss the complaint. The court heard argument on the rule and the preliminary objections and filed an order discharging the rule, sustaining the preliminary objections, and dismissing the complaint. The case was appealed to the Superior Court of Pennsylvania on September 27, 1971; transferred to the Supreme Court of Pennsylvania by the Superior Court on April 13, 1972; and transferred by the Supreme Court to this Court on May 15, 1972. This Court immediately listed it for argument on June 5, 1972, heard argument on that date and will dispose of it on the merits.

Seldom has a Common Pleas Judge had the facts and law involved in a case so clearly before him or his judicially expressed views more clearly known, and at the same time followed the law contrary to his views so recently established by the Appellate Courts of Pennsylvania, only to have his order appealed. We affirm.

The lower court appropriately summarized the issues averred in the complaint to be:

"(1) that the reorganization of school districts into larger units has not increased the quality of education,

"(2) that the taxpayers will be required to pay unconstitutional, unreasonable and unconscionable taxes in excess of the needs of the area,

"(3) that some areas will be required to forfeit or pay over funds for debts not incurred by them, and

"(4) that the area will not be properly represented because of failure to provide for election across County lines." We agree with Judge F. JOSEPH THOMAS when he says in his opinion below: "We feel that our prior decisions have made it clear that, although we ruled that Act 150 was unconstitutional, it is no longer within our jurisdiction to permit further delay. It would serve no useful purpose to repeat our prior discussions which are fully applicable here." The court is referring to its opinion and order in *Appeals of the Borough of Cambridge Springs School District, et al.*, at Nos. 146, 147, 148 and 149 February Term, 1969, Court of Common Pleas of Crawford County, in which it held Act 150 unconstitutional which was later reversed by the Superior Court in *Cambridge Springs Borough School District Appeal,* 219 Pa. Superior Ct. 28, 275 A. 2d 840 (1971). Application for allocatur was denied by the Supreme Court on October 8, 1971, following the lower court's decision in this case.

Any possible doubt as to the validity and propriety of the action of the court below was removed by the decision of the Supreme Court of Pennsylvania in *Edgewood Borough School District Appeal,* 445 Pa. 343, 285 A. 2d 880 (1971), the opinion being filed after the order of the court below. In that case, the Supreme Court of Pennsylvania reversed both the Superior Court and the Court of Common Pleas and re-

instated the plan approved by the State Board of Education. Justice ROBERTS, speaking for a unanimous court, decided that Act 150 placed in the discretion of the State Board of Education the power to decide what was in the best interests of the educational system of the Commonwealth. The issue here, as it was in the court below, is not whether this Court is sympathetic with the position of the plaintiffs, but rather whether Act 150 is constitutional and whether the court can substitute its judgment for that of the State Board of Education. These questions have been put to rest by *Edgewood Borough School District Appeal, supra,* and *Cambridge Springs Borough School District Appeal, supra. See also* Chief Justice JONES' opinion in *West Homestead Borough School District v. Allegheny County Board of School Directors,* 440 Pa. 113, 269 A. 2d 904 (1970). Act 150 is constitutional and the discretion for approval of a plan of administrative units is in the State Board of Education, not the courts.

Order affirmed.